IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES CARR,                        )
                                   )
            Plaintiff,             )    Civ. No.   07-1181-TC
                                   )
      vs.                          )
                                   )
                                   )    ORDER AND OPINION
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
            Defendant.             )
_____)

Coffin, Magistrate Judge:


     Before the court is plaintiff's Complaint (#2) and Brief
(#10) seeking review of the denial of Supplemental Security
Income disability benefits under 42 U.S.C. §§ 1381-83f.[1]  For the
reasons that follow, the decision of the Commissioner is reversed
and remanded for further proceedings.

                        BACKGROUND

     Plaintiff, 48 years old at the time of the decision of the

_____

     [1] Plaintiff does not argue in his brief that he appeals from
denial of a claim for disability insurance benefits, and the court
understands plaintiff to appeal from denial of SSI only.

1 Opinion and Order

ALJ at issue in this case,[2] is GED qualified and has worked various part-time jobs between 2002 and 2006. He suffered a gunshot wound to the chest in 1997. In September, 2004, he applied for social security benefits based on several impairments, including chest pain, bilateral arm pain, bilateral shoulder pain, inability to stand for extended periods, memory deficiencies, shortness of breath, abdominal pain, having to rest after walking roughly four blocks, and having to lie down for approximately 90 minutes during the day. Tr. 168-89. He has been diagnosed with chest pain and shortness of breath with exertion, status post gunshot wound to the chest, and strain. Tr. 121, 146.

Plaintiff underwent two consultative physical examinations. After a November 14, 2004, examination, Dr. Rima Chamie reported these findings:

> Chest pain and shortness of breath with exertion. It is unclear to me whether this has a cardiac cause, a pulmonary cause, or it is his abdomen from the incision versus reflux. Part of what he is describing is consistent with angina, but this would take significant further workup than is available for me today to determine. The number of hours the claimant could be expected to stand and walk in an eight hour workday is eight. However, he does need

---

[2] Plaintiff filed applications for disability insurance and Supplemental Security Income disability benefits in 2001 alleging disability since September 1, 2000, due to chest pain. The Commissioner found plaintiff not disabled through the date of the ALJ's decision (November 26, 2002), and this court affirmed. <u>Carr v. Commissioner</u>, No. 03-CV-00517-KI (D. Or., Mar. 10, 2004). The doctrine of res judicata bars reconsideration of the period covered by the Commissioner's 2002 decision. <u>Lester v. Chater</u>, 81 F.3d 821, 827-28 (9th Cir. 1996). Thus, although in the current case, plaintiff alleges onset of disability that precedes November 26, 2002, the relevant period post-dates the ALJ's 2002 decision. Plaintiff's physical examinations that form the part of the record relevant for purposes of this opinion occurred after November 26, 2002.

2 Opinion and Order

> a medical examination to see if this is angina or
> heart failure that he is experiencing. If it is, he
> could have quite a few restrictions. . . . If he
> could be experiencing angina, it would need to be
> fully evaluated before a diagnosis and Disability
> Evaluation could be complete.

Tr. 121-22.

Dr. James Borden examined plaintiff on December 16, 2006. Tr. 124. Plaintiff underwent a physical examination, including treadmill testing, and Dr. Borden reviewed Dr. Chamie's report. Tr. 123-24. Dr. Borden could not discern the cause of plaintiff's symptoms. He stated,

> At this point, I cannot say that it is heart any
> way. It does not seem to be heart based on his
> history, based on his exam, and based on the good
> treadmill. I think it would be nice to have a
> cardiologist review the tracings, and a thallium
> exam might confirm it a bit more.

Tr. 124.

Plaintiff testified that his chest pain, shoulder pain, and shortness of breath prevented him from working, Tr. 180-81, and he explained that he could not return to his past work as an order filler because "my mind expands, and my memory's getting bad." Tr. 188. Plaintiff has a history of using alcohol, cigarettes, and cocaine. Tr. 123, 183-84.

The administrative law judge (ALJ) employed the five-step process used to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since the alleged date of disability onset. Tr. 12. At step two, the ALJ concluded that plaintiff had no severe impairment. Tr. 15. The ALJ further concluded at step three that plaintiff's alleged impairments did not meet or medically equal the requirements of

3 Opinion and Order

1   a listed impairment based on 20 C.F.R. §§ 404.1520(c),
2   416.920(c); that plaintiff could perform "medium work" under 20
3   C.F.R. Pt. 404, Subpt. P, App. 1.; and, at step four, that
4   plaintiff could perform past relevant work as a packager and as
5   an auto detailer.  Tr. 15-20.  Accordingly, the ALJ found that
6   the plaintiff was not disabled.  Plaintiff's request for review
7   before the Appeals Counsel was denied.  Tr. 4-7.

8        Plaintiff disputes the ALJ's findings at steps two through
9   five of the five-step sequential evaluation.  In particular,
10  plaintiff asserts that the ALJ erred in failing to develop the
11  record concerning a cause and diagnosis for plaintiff's chest
12  pain, and in disregarding plaintiff's subjective symptom
13  testimony.  Because my order to reverse and remand for further
14  proceedings rests on the conclusion that the ALJ erred in her
15  determination concerning plaintiff's lack of any severe
16  impairment at step two, my analysis focuses on that error.

17
18                          <u>ANALYSIS</u>
19       Plaintiff contends that the ALJ erred at step two because
20  the ALJ failed to develop the record regarding plaintiff's chest
21  pain.  As I explain below, the ALJ neglected her duty to develop
22  the record.  Because the medical evidence may change once the
23  record is developed upon remand, and because such evidence would
24  implicate the ALJ's decision to disregard plaintiff's subjective
25  symptom testimony,[3] review of this asserted error at this stage
26
27       [3] When considering a claimant's subjective symptom testimony, and
    ALJ first looks to objective medical evidence of an underlying
28  impairment that could reasonably be expected to produce some degree of
    symptom, and where such evidence exists and the record does not show
        4 Opinion and Order

1  is premature in light of my decision to remand the case.

2      "The ALJ in a social security case has an independent duty

3  to fully and fairly develop the record and to assure that the

4  claimant's interests are considered." Tonapetyan v. Halter, 242

5  F.3d 1144, 1150 (9th Cir. 2001) (internal quotation marks and

6  citations omitted). "Ambiguous evidence . . . triggers the ALJ's

7  duty to conduct an appropriate inquiry." Id. In addition, an

8  ALJ's duty is triggered when the record is inadequate to allow

9  for a proper evaluation of the evidence. Mayes v. Massinari, 276

10  F.3d 453, 459-60 (9th Cir. 2001). The ALJ has several options

11  for discharging this duty, including "subpoenaing the claimant's

12  physicians, submitting questions to the claimant's physicians,

13  continuing the hearing, or keeping the record open after the

14  hearing to allow supplementation of the record." Tonapetyan, 242

15  F.3d at 1150.

16      In this case, the ALJ's duty to develop the record was

17  triggered. Both doctors expressed concern about the etiology of

18  plaintiff's chest pain. Dr. Chamie specifically explained that

19  plaintiff's chest pain required further investigation as a

20  prerequisite to determining a diagnosis and the types of

21  limitations that might apply: "he does need a medical examination

22  to see if this is angina or heart failure that he is

23  experiencing. If it is, he could have quite a few restrictions."

24  She directly stated that if plaintiff's pain was associated with

25  angina, "it would need to be fully evaluated before a diagnosis

26  and Disability Evaluation could be complete." Tr. 121-22. The

27

28  malingering, the ALJ may discredit the claimant by giving specific,
clear, and convincing reasons supported by substantial evidence.
Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

5 Opinion and Order

ALJ took note of Dr. Chamie's opinion that determining the cause of plaintiff's symptoms "would require a significant further work-up[.]" Tr. 15.

Dr. Borden evaluated plaintiff and considered Dr. Chamie's report, which led him to question whether plaintiff's pain was heart-related, but he also indicated that further review would be required to settle on a diagnosis: "it would be nice to have a cardiologist review the tracings, and a thallium exam might confirm it a bit more." Tr. 124.

At minimum, the record gives rise to ambiguity concerning whether it is possible to rule out angina or a cardiac condition, as the ALJ implicitly did. The conclusions of the examining physicians point to the need for further investigation in order to discern the cause (and therefore the diagnosis and limitations imposed by) of plaintiff's condition. The ALJ erred in concluding that claimant's condition is nonsevere based on the rationale that Dr. Borden "could offer no diagnosis for claimant's symptoms." Tr. 15. Reversal and remand is warranted on this basis. See Tonapetyan, 242 F.3d at 1151 (reversing and remanding upon determination that administrative record is incomplete).

CONCLUSION

The decision of the Commissioner is reversed and remanded for further proceedings.

//

//

//

6 Opinion and Order

IT IS SO ORDERED.


Dated this ____ day of May, 2008.


                              _____
                              THOMAS M. COFFIN
                              United States Magistrate Judge

7 Opinion and Order